# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MELISSA COGAN** | : | |
| 9342 Monticello Drive | : | |
| Twinsburg, OH 44087 | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:21-cv-316 |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| **SMART ACADEMY** | : | |
| SMART Academy – Cleveland | : | |
| ATTN: Robert Aitken, Ph.D. | : | |
| 4351 E. 131st Street | : | **Jury Demand Endorsed Hereon** |
| Garfield Heights, OH 44105 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Melissa Cogan ("Plaintiff") and proffers this Complaint for damages against Defendant SMART Academy ("Defendant").

## THE PARTIES

1. Plaintiff, Melissa Cogan is a natural person residing in Summit County, Ohio, is a citizen of the United States and the state of Ohio.

2. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined in the FLSA, the Families First Coronavirus Response Act (FFCRA) and the Emergency Paid Sick Leave Act (EPSLA).

3. Defendant SMART Academy is a non-profit Corporation doing business in the Northern District of Ohio.

4. Defendant is a "covered employer" as that term is defined by the FFCRA and the EPSLA.

5. At all times relevant herein, employed less than 500 employees.

## JURISDICTION AND VENUE

6. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

7. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the FFCRA and the EPSLA.

8. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

9. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio and Defendant has a facility in Garfield Heights, Ohio, at which the events in question took place.

## FACTUAL BACKGROUND

10. Plaintiff was employed as a teacher by Defendant.

11. On or about Monday, November 2, 2020, Plaintiff reported to school as she normally would.

12. She had a migraine headache but was not otherwise ill or experiencing other symptoms of illness. Plaintiff experiences migraines often so she did not think it was related to COVID-19.

13. Plaintiff's husband works for the Cleveland Clinic. Throughout the pandemic, the Cleveland Clinic has asked its employees to be tested regularly for COVID-19.

14. These tests are routine and her husband had been tested several times before.

15. On Tuesday, November 3, 2020, Plaintiff received a text message from him while she was at work, telling her he tested positive for COVID-19.

16. She received the text around 3:00 p.m., at the end of her workday. Plaintiff attended the staff meeting at the end of the day, while wearing a mask and ensuring she socially distanced herself from others.

17. At the conclusion of the meeting, she informed SMART Academy that her husband received a positive test but that she felt fine. She inquired as to what she should do.

18. Plaintiff was told to gather her belongings and plan to teach from home for the next few days.

19. Once she got home that evening, she realized she had forgotten the charging cord to her computer. Obviously, she needed it if she planned to teach from home, as instructed.

20. Plaintiff emailed her administrator, Dr. Robert Aitken and asked if she could go to the school at 6:45 a.m. on the following day to retrieve it.

21. Dr. Aitken told her that she could do so. Plaintiff went to the school at 6:45, collected the cord and returned home to teach remotely. She wore a mask the whole time she was in the building and did not encounter any students.

22. Plaintiff had the other members of her family tested for COVID-19 as well, as a precaution.

23. She also told Dr. Aitken, Dr. Sandra Golden, Ms. Trubey, and Mr. Nicklos that SMART Academy should expect to receive a call from the Summit County Health Department, as she did the right thing and reported that she and members of her family had tested positive.

24. The Health Department wanted to contact SMART Academy for contact tracing purposes. The Summit County Health Department told Plaintiff to inform the co-workers that she had been in close contact with, of her positive COVID-19 test. Plaintiff followed this directive and did just that.

25. On Thursday, November 5, 2020, Dr. Aitken emailed the rest of the staff, excluding Plaintiff, informing them that the school had been notified that "a staff member has announced their positive test and that it has caused panic and pandemonium even though admin had not received written notification of this positive test."

26. They also stated that they would not fail the school community because of the negligence of others. This type of announcement is outrageous and is defamatory.

27. Plaintiff followed all directives from SMART Academy and all directives from the Health Department. The Health Department specifically instructed Plaintiff to inform those co-workers that she had close contact with and she did so.

28. SMART Academy cancelled school on Friday, November 6, without informing Plaintiff.

29. On Sunday, November 8, Plaintiff received a call from a co-worker, asking her if she was okay.

30. She replied that she was and said she was confused as to why they were asking. Her co-worker informed her that the staff received an email stating that Plaintiff was no longer employed with SMART Academy, which was news to Plaintiff.

31. Plaintiff got off the phone and attempted to check her school email and was locked out of it. She then checked her personal email and discovered that she had been emailed a termination letter.

32. Plaintiff was accused of reckless behavior as it relates to COVID-19 and for negligence related to failure to notify SMART Academy of COVID-19 symptoms.

33. First, Plaintiff was not negligent in reporting COVID-19 symptoms. A headache is not a common symptom of COVID-19.

34. Plaintiff had no reason to believe she might be positive for COVID-19, until her husband notified her that he received a positive test. As soon as she found out about that, she informed SMART Academy.

35. The contention that Plaintiff was reckless because she returned to the building to retrieve her computer cord is laughable, when she received express permission to enter the building to do just that.

36. Plaintiff never told the Summit County Health Department that she began experiencing symptoms on October 30, 2020. As soon as she found out that her husband received a positive test, she informed SMART Academy.

37. It is clear that SMART Academy retaliated against Plaintiff once it became aware of the fact that her husband tested positive for COVID-19 and that it has created reasons for her termination that are clearly not true.

38. The reasons offered for Plaintiff's termination are pretextual.

## COUNT I
### Families First Coronavirus Response Act
### Emergency Paid Sick Leave Act (EPSLA) – Retaliation

39. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

40. Covered employers under the EPSLA must provide *paid* sick leave to employees who cannot work (or telework) if they have COVID-19 symptoms and are seeking a medical

diagnosis and/or are advised by a healthcare provider to self-quarantine because of COVID-19 or are caring for an individual who has been so advised.

41. Here, Plaintiff was informed her husband tested positive for COVID-19, she informed SMART Academy and was actively seeking a COVID-19 test. After speaking with the Summit County Department of Health, she was instructed to quarantine. She informed SMART Academy of that as well.

42. Plaintiff exercised her rights under the FFCRA and EPSLA when she informed Defendant that she was under a quarantine order due to COVID-19.

43. Almost immediately after Plaintiff informed Defendant she was under a quarantine order due to COVID-19, it retaliated against her and terminated her employment.

44. Defendant has offered several reasons for Plaintiff's termination.

45. Defendant's reasons for terminating Plaintiff are untrue and pretextual.

46. It is unlawful for an employer to discharge, discipline, or in any other manner discriminate against an employee who takes EPSLA leave or files a complaint under the Act.

47. The FFCRA and the EPSLA provides that an employer's violation of EPSLA will be treated as a failure "to pay minimum wages in violation of section 6 of the Fair Labor Standards Act of 1938" and that liquidated damages and attorneys' fees are recoverable on claims brought against employers who violate EPSLA.

48. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the EPSLA with regard to Plaintiff's termination.

49. Defendant's violation of the EPSLA entitles Plaintiff, pursuant to 29 U.S.C. § 216 and 217, to monetary damages, which include unpaid wages, an amount equal to the unpaid wages

as statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*

Rachel Sabo Friedmann (0089226)
Peter G. Friedmann (0089293)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9757 (Phone)
614-737-9812 (Fax)
Rachel@thefriedmannfirm.com
Pete@thefriedmannfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*

Rachel Sabo Friedmann (0089226)